Cindy M. Walker (SBN 186589)
Email:   cwalker@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendants
BANK OF AMERICA, N.A.
(erroneously sued as BANK OF
AMERICA) and CHANDRIKA
MAJITHIA

FILED
CLERK, U.S. DISTRICT COURT

JUN 19 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MYKELLA SMITH,

                    Plaintiff,

          vs.

BANK OF AMERICA; CHANDRIKA
MAJITHIA; LINDA JORDAN; and
DOES 1 through 10, Inclusive,

                    Defendants.

Case No.: SACV13-930 JVS
(JPRx)

[Removal from Superior Court of
California, County of Orange, Case No.
30-2013-00635007-CU-WT-CJC]

**DEFENDANTS BANK OF AMERICA,
N.A.'S AND CHANDRIKA
MAJITHIA NOTICE OF REMOVAL
TO FEDERAL COURT**

**[28 U.S.C. §§ 1331, 1441, 1446]**

Compl. Filed:      March 5, 2013
Trial Date:        TBD
Disc. Cut-Off:     TBD

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

— 1 —

US_ACTIVE-113436659.1

1  TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE CENTRAL

2  DISTRICT OF CALIFORNIA:

3        PLEASE TAKE NOTICE that Defendants BANK OF AMERICA, N.A.

4  ("BANA") (erroneously sued as Bank of America) and CHANDRIKA MAJITHIA

5  ("Majithia") hereby remove the above-entitled action from the Superior Court of the

6  State of California, County of Orange, to the United States District Court for the

7  Central District of California, pursuant to 28 U.S.C. Sections 1331, 1367, 1441, and

8  1446.

9        This Notice is based on the original jurisdiction of the federal district court over

10  the parties under 28 U.S.C. § 1331 because Plaintiff MYKELLA SMITH alleges

11  claims of violations of the Family and Medical Leave Act ("FMLA") (29 U.S.C.

12  Section 2601, et seq.) against all defendants.

13                **JURISDICTION AND VENUE ARE PROPER**

14        1.     This action is a civil action over which this Court has original jurisdiction

15  based on federal question pursuant to 28 U.S.C. Section 1331 and is one which may

16  be removed to this Court by BANA and Majithia pursuant to 28 U.S.C. Section

17  1441(a) because it is a civil action in which Plaintiff alleges violation of the FMLA.

18  28 U.S.C. §§ 1331 and 1441(a).

19        2.     Venue is proper in this Court pursuant to 28 U.S.C. Sections 84(c) (3),

20  1391, and 1446.

21                **STATUS OF PLEADINGS AND PROCESSES**

22        3.     On March 5, 2013, Plaintiff commenced an action by filing a Complaint

23  in the Superior Court of California, County of Orange, entitled *MYKELLA SMITH v.*

24  *BANK OF AMERICA; CHANDRIKA MAJITHIA; LINDA JORDAN; and DOES 1*

25  *through 10, Inclusive*, designated as Case No. 30-2013-00635007-CU-WT-CJC

26  (hereinafter, "Complaint").

27        4.     Plaintiff's Complaint alleges twelve causes of action: (1) violation of the

28  prohibition against   race/color discrimination against BANA, (2) retaliation in

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

violation of FEHA against BANA, (3) negligence against BANA, (4) breach of contract and covenant of good faith and fair dealing against BANA, (5) intentional infliction of emotional distress against all defendants, (6) harassment in violation of Gov't Code Section 12900, et seq. against all defendants, (7) hostile work environment in violation of Gov't Code Section 12900, et seq. against all defendants, (8) violation of the Family and Medical Leave Act and the California Family Rights Act pursuant to Gov't Code Section 12945.2 against all defendants, (9) wrongful termination in violation of public policy and FEHA against BANA, (10) failure to prevent discrimination in the workplace against BANA, (11) failure to promote in violation of FEHA against BANA, (12) denied a reasonable accommodation against BANA.

5.   On May 20, 2013, Plaintiff served a copy of the Summons, Civil Case Cover Sheet, Notice of Hearing, Clerk's Certificate of Service By Mail, Notice of Confirmation of Electronic Filing, and Complaint on CT Corporation, BANA's agent for service of process. Attached hereto as Exhibit "A" are true and correct copies of the foregoing documents received by BANA.

6.   On June 18, 2013, BANA filed its Answer to the Complaint in the Superior Court for the County of Orange. Attached hereto as Exhibit "B" is a true and correct copy of the Answer filed in the Superior Court pursuant to 28 U.S.C. § 1446(a).

7.   On June 11, 2013, Plaintiff personally served a copy of Summons, Civil Case Cover Sheet, Notice of Hearing, Clerk's Certificate of Service By Mail, Notice of Confirmation of Electronic Filing, and Complaint on Defendant Majithia. Attached hereto as Exhibit "C" are true and correct copies of the foregoing documents received by Defendant Majithia.

8.   Defendant Majithia has not yet answered the Complaint.

9.   Defendant LINDA JORDAN ("Jordan") has not been served.

10.   The documents attached as Exhibits "A," "B," and "C" constitute all of

1    the papers and processes that have been filed or received in this action by BANA and

2    Majithia. Their attachment thereby satisfies the requirements of 28 U.S.C. Section

3    1446(a).

4         11.    To BANA's and Majithia's knowledge, no further proceedings have been

5    conducted or scheduled in the above-captioned action.

6              **NOTICE TO STATE COURT AND PLAINTIFF'S COUNSEL**

7         12.    Promptly upon the filing of this Notice of Removal in the United States

8    District Court for the Central District of California, written notice of the removal will

9    be given by the undersigned to counsel for Plaintiff and a copy of this Notice of

10    Removal will be filed with the Clerk of the Superior Court for the State of California

11    for the County of Orange as required by 28 U.S.C. Section 1446(d).

12                  **DEFENDANT'S REMOVAL IS TIMELY**

13         13.    This Notice of Removal is timely filed pursuant to 28 U.S.C.

14    Section 1446(b). BANA and Majithia filed this Notice within 30 days of service of

15    pleadings from which it could first determine that this was removable and within one

16    year after commencement of this action as required under 28 U.S.C. Section 1446(b).

17         14.    This Court has original jurisdiction under 28 U.S.C. Section 1331. As set

18    forth below, this action is removable pursuant to the provisions of 28 U.S.C.

19    Section 1441(a) based on the existence of federal question.

20              **CONSENT OF ALL IDENTIFIED DEFENDANTS**

21         15.    Although she has not been served, Defendant Jordan also consents to

22    removal of this action to federal court. 28 U.S.C. § 1446(b).

23                    **FEDERAL QUESTION EXISTS**

24         16.    Plaintiff's eighth cause of action alleges violations of the FMLA against

25    all defendants. (*See* Exhibit A, ¶¶ 63-66.) Further, Plaintiff's twelfth cause of action

26    alleges failure to provide a reasonable accommodation pursuant to the FMLA. (*See*

27    Exhibit A, ¶¶ 76-78.)

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1      17.    This Court has federal question jurisdiction over Plaintiff's claims

2 pursuant to 28 U.S.C. Section 1331 and 1441 in that the claims are "founded on a

3 claim or right arising under … the laws of the United States[.]."

4      18.    For all of these reasons, Plaintiff's claims fall exclusively within the

5 federal question jurisdiction of the United States District Court pursuant to 28 U.S.C.

6 Section 1331. To the extent any portions of Plaintiff's claims are not preempted, this

7 Court should exercise supplemental jurisdiction over such claims pursuant to 28

8 U.S.C. Section 1367. Accordingly, Plaintiff's claims against Defendants in the

9 Complaint create federal questions which makes removal of this action proper under

10 28 U.S.C. Section 1441 and 28 U.S.C. Section 1331.

11      WHEREFORE, having provided notice as required by law and based on the

12 above, the above-entitled action should hereby be removed from the Superior Court of

13 the County of Orange to this honorable District Court.

14

15      DATED:  June 19, 2013

16

17                    REED SMITH LLP

18                    By:

19                      Cindy M. Walker (SBN 186589)

20                      Attorneys for Defendant
                           BANK OF AMERICA, N.A. (erroneously
                           sued as BANK OF AMERICA) and

21                      CHANDRIKA MAJITHIA

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**EXHIBIT A**

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

5-20-13
3:35 p

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANK OF AMERICA, CHANDRIKA MAJITHIA, LINDA JORDAN, and DOES 1 through 10, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MYKELLA SMITH

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* ORANGE SUPERIOR COURT<br><br>Central Justice Center, 100 Civic Center Drive West<br>Santa Ana, California 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2013-00635007-CU-WT-CJC |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gloria Dredd Haney, 333 City Boulevard West, 17th Floor, Orange, California 92868/(714) 938-3230

| DATE:<br>*(Fecha)* 03/05/2013 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Bank of America

under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)       ☐ CCP 416.90 (authorized person)
      ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5-20-13

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gloria Dredd Haney, State Bar No. 157627<br>LAW OFFICES OF GLORIA DREDD HANEY<br>333 City Boulevard West, 17th Floor<br>Orange, California 92868<br>TELEPHONE NO.: (714) 938-3230   FAX NO.: (714) 921-2856<br>ATTORNEY FOR *(Name):* Plaintiff, MYKELLA SMITH | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE
STREET ADDRESS: 100 Civic Center Drive West
MAILING ADDRESS: 100 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Mykella Smith v. Bank of America, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2013-00635007-CU-WT-CJC<br>JUDGE:<br>DEPT: C33 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
✓ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ✓ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary  b. ✓ nonmonetary; declaratory or injunctive relief  c. ✓ punitive
4. Number of causes of action *(specify):* 12
5. This case ☐ is  ✓ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 03, 2013

GLORIA DREDD HANEY
_____(TYPE OR PRINT NAME)_____

▶ *Gloria Dredd Haney*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS;  700 W. Civic Center DRIVE<br>MAILING ADDRESS:  P.O. Box 22014<br>CITY AND ZIP CODE: Santa Ana 92702<br>BRANCH NAME:  Central Justice Center | FOR COURT USE ONLY<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
|---|---|
| PLANTIFF:Mykella Smith |  |
| DEFENDANT:Bank of America et.al. | Apr 22, 2013 |
| Short Title: Smith vs. Bank of America | ALAN CARLSON, Clerk of the Court<br>By, Debra Checco, Deputy |
| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2013-00635007-CU-WT-CJC |

Please take notice that a(n),  <u>Case Management Conference</u>  has been scheduled for hearing on
<u>09/03/2013</u> at <u>09:00:00 AM</u> in Department <u>C32</u>  of this court, located at  <u>Central Justice Center</u> .

Clerk of the Court,  By:   <i>D. Checco</i>                                              , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92702

**SHORT TITLE:** Smith vs. Bank of America

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>30-2013-00635007-CU-WT-CJC |
| --- | --- |

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 04/22/2013. The mailing occurred at Sacramento, California on 04/23/2013.

Clerk of the Court, by:  D. Checco , Deputy

LAW OFFICES OF GLORIA DREDD HANEY
333 CITY BLVD WEST 17TH FL.
ORANGE, CA 92868

V3 1013a (June 2004)                                                                 Code of Civil Procedure , § CCP1013(a)

SUPERIOR COURT OF CALIFORNIA
ORANGE COUNTY
P.O. Box 22014
Santa Ana 92702

54.CRT30-20130423.S11

LAW OFFICES OF GLORIA DREDD HANEY
333 CITY BLVD WEST 17TH FL.
ORANGE, CA 92868



SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

STREET ADDRESS: 700 W. Civic Center Drive

MAILING ADDRESS: P.O. Box 22014

CITY AND ZIP ADDRESS: Santa Ana CA 92702

BRANCH NAME:    Central Justice Center

FOR COURT USE ONLY

SHORT TITLE: Smith vs. Bank of America

NOTICE OF CONFIRMATION OF ELECTRONIC FILING

CASE NUMBER:

30-2013-00635007-CU-WT-CJC

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of Orange. In order to process the filing, the fee shown was assessed.

### Electronic Filing Summary Data

| | |
|---|---|
| Electronically Submitted By: | Mykella Smith |
| On Behalf of: | Mykella Smith; CCMS ID: 73849653 |
| Transaction Number: | 2219202 |
| Court Received Date: | 03/05/2013 |
| Court Received Time: | 01:26:45 PM |
| Filed Date: | 03/05/2013 |
| Filed Time: | 07:42 AM |
| Fee Amount Assessed: | $435.00 |
| Case Number: | 30-2013-00635007-CU-WT-CJC |
| Case Title: | Smith vs. Bank of America |
| Location: | Central Justice Center |
| Case Type: | Wrongful Termination |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| Documents Electronically Filed/Received | Status |
|---|---|
| Complaint | Accepted |
| Civil Case Cover Sheet | Accepted |
| Summons Issued and Filed | Accepted |
| Exhibit List | Rejected |
| | RejectReason 1: |
| | Legal formatting required :     (Cal. Rules of Court, rule 2.100 et seq.) |
| | Clerks Comments to submitter: Exhibits |

03/07/2013                    NOTICE OF CONFIRMATION OF FILING

should remain attached to the document
which refers to them. It will be re-attached
to the complaint.

**Court Generated Documents**
Payment Receipt

**Comments**
Submitter's Comments:

Clerk's Comments:      To obtain the following, please access: ADR Packet -
http://www.occourts.org/forms/local/l1200.pdf
Court Schedule -
https://cfapps.occourts.org/directory/civil/limited-unlimited-civil/cale
ndars/ex-parte.cfm

**Electronic Filing Service Provider Information**

Service Provider   OneLegal
Email:             support@onelegal.com
Contact Person:    Customer Support
Phone:             8009388815

---

03/07/2013                    **NOTICE OF CONFIRMATION OF FILING**

COPY

1 Gloria Dredd Haney, State Bar No. 157627
**LAW OFFICES OF GLORIA DREDD HANEY**
2 City Tower Center
333 City Boulevard West, 17th Floor
3 Orange, California 92868
Office:  714.938.3230
4 Fax:      714.921.2856

5 Attorneys for Plaintiff
**MYKELLA SMITH**
6

7

8                     SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF COUNTY OF ORANGE/CENTRAL DISTRICT

10

11  MYKELLA SMITH,                            Case No.: 30-2013-00635007-CU-WT-CJC

12                          Plaintiff,

13           vs.                              **COMPLAINT OF PLAINTIFF, MYKELLA SMITH,**
                                              **FOR DAMAGES AND EQUITABLE RELIEF**
14  BANK OF AMERICA; CHANDRIKA MAJITHIA; LINDA
    JORDAN; and DOES 1 Through 10, Inclusive,
15
                            Defendants.
16

17

18

19         Plaintiff, MYKELLA SMITH ("Plaintiff" or "Smith"), hereby complains against Defendants, and each of

20  them, and alleges the following:

21                               <u>NATURE OF THE CASE</u>

22      1.  This is a civil action seeking damages and relief against Defendants for committing acts against

23  Plaintiff and for depriving Plaintiff of rights secured by the laws of the State of California as clearly articulated

24  in the California Constitution, Article I, §§ 7 and 8, and the California Fair Employment and Housing Act.

25  This action is also brought by Plaintiff for the unlawful conduct on the part of the above-named Defendants

26  causing this Plaintiff to be subjected to discrimination, harassment, and retaliation because she engaged in

27

28

*Left margin (vertical text):* LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

---

1

the protected activity of opposing unlawful employment actions and seeking her right to an accommodation which were in violation of the California Fair Employment and Housing Act and the California Labor Code.

2.  As a result of being continuously humiliated and embarrassed with the loss of self-esteem associated with the threats and harassment associated with Plaintiff's job responsibilities and assignment of her duties as a Bank Senior Customer Service Representative for Defendant Bank of America ("Bank"), the harassment, retaliation, and discrimination by these Defendants, Plaintiff now seeks damages and equitable relief from these Defendants.

## JURISDICTION AND VENUE

3.  Plaintiff has suffered and continues to suffer actual injuries as a result of the intentional, malicious, and unlawful conduct on the part of the above-named Defendants.  Plaintiff also has a personal stake in the outcome of this action.

4.  The County of Orange and the City of Brea are located within the jurisdiction of this Court in and for the County of Orange.

5.  Jurisdiction of this Court is invoked pursuant to Government Code § 12940(a), et seq. and the California Fair Employment and Housing Act.

## SUMMARY OF CLAIMS AND COMMON BACKGROUND FACTS

6.  This is an action for damages by Plaintiff against her former employer, Defendant Bank, Individual Defendants Chandrika Majithia ("Majithia") and Linda Jordan ("Jordan"), and against certain fictitiously named Defendants, DOES 1 through 10, inclusive, who include supervisory, managerial, and other responsible officials and employees of Bank.  Plaintiff's claims involve both California statutory and common law violations by Defendants, including without limitation, Defendants' (a) repeated and willful acts, course of conduct, and statements discriminating against Plaintiff, based, inter alia, on Plaintiff's race, disability, and rights associated with engaging in protected activities, all in violation of the California Fair Employment and

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17ᵗʰ Floor
Orange, California 92868

2

COMPLAINT OF PLAINTIFF, MYKELLA SMITH, FOR DAMAGES AND EQUITABLE RELIEF

Housing Act ("FEHA"), specifically California Government Code § 12940, et seq., (b) retaliation against Plaintiff, leading to the wrongful termination by Bank, based on Plaintiff's reporting of and protesting against Defendants' acts, course of conduct, and statements discriminating against Plaintiff, as aforesaid, in violation of FEHA, and (c ) harassment.

7.   Plaintiff specifically, but not exclusively, contends that Defendants retaliated against Plaintiff because Plaintiff sought a medical leave to care for herself and her mother.  These Defendants continued their discrimination against Plaintiff, including by impugning and mocking Plaintiff and treating Plaintiff in a discriminatory manner with respect to her job assignments, requests for accommodations as determined by Plaintiff's own treating physicians, a promotion she earned, etc.

8.   Defendants further retaliated against Plaintiff and committed other wrongful acts herein described, because Plaintiff had expressly protested to Defendants and had sought cessation of and relief from the hostile, harassing, and offensive work environment to which she was subjected as an employee of Bank, which included the discriminatory acts, course of conduct and defamatory statements made by Defendants. Defendants' acts of retaliation additionally included, without limitation, Defendants' defaming and disparaging Plaintiff, which included false statements regarding Plaintiff's honesty, competence, validity and approval of her absences, and her need for an accommodation.

9.   Based on Defendants' wrongdoing as alleged, Plaintiff is entitled to recover damages for general damages for physical, emotional, and mental injuries, financial losses, harm and distress, as well as for reputational damages Plaintiff has suffered, together with punitive damages against Majithia and Jordan and certain fictitiously named individual Defendants, prejudgment interest, and statutory attorneys' fees and costs of suit.

//

//

//

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

3

## PARTIES

10. At all times herein mentioned, Plaintiff was and is a resident of the State of California.

11. Plaintiff is informed and believes and based on such information and belief alleges that all times herein mentioned, Bank is a private corporation duly organized and existing under the laws of the State of California. Attached as Exhibit A is a true copy of the California Department of Fair Employment and Housing ("DFEH") Complaint of Discrimination dated January 07, 2013. Attached as Exhibit B is a true copy of the DFEH Right-To-Sue Notice dated January 07, 2013.

12. Bank is subject to suit under the California Government Code §§ 12940 and 12945, et seq. Bank was at all times relevant and an employer pursuant to Government Code § 12926, subdivision (d).

13. At all times relevant, Plaintiff was an employee at Bank and terminated by Bank which is covered by Government Code § 12900, et seq. which prohibits unlawful discrimination, retaliation, and harassment in employment.

14. At all times relevant, Defendants Majithia and Jordan were the supervisors of Plaintiff at Bank. Defendants Majithia and Jordan acted outside the scope of their employment duties when they engaged in discrimination, harassment, retaliation, defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, and a failure to accommodate because of Plaintiff's race, disability, and because Plaintiff engaged in protected activities. Majithia and Jordan engaged in the blatant disregard of Plaintiff's civil rights and abused their position of authority and fiduciary duty as supervisors of Plaintiff assigned to assist employees in their departments. Majithia and Jordan acted in and for their own interests and abused their authority as employees of Bank which was condoned and encouraged by Bank and its agents. Majithia and Jordan also solicited and conspired with other agents and individual Defendants whose names are presently unknown to Plaintiff.

15. Plaintiff is unaware of the true names and capacities, whether corporate, associate, individual, or otherwise, of Defendants named as DOES 1 through 10, inclusive. Pursuant to Code of Civil Procedure

4

COMPLAINT OF PLAINTIFF, MYKELLA SMITH, FOR DAMAGES AND EQUITABLE RELIEF

§ 474, Plaintiff will seek leave of the Court to amend this Complaint to state said Defendants' true names and capacities when the same have been ascertained.  Plaintiff is informed and believes, and based upon such information and belief alleges, that said fictitiously-named Defendant DOES 1 through 10 each are responsible and liable to Plaintiff in some manner for the injury and damages to Plaintiff as alleged herein.

## AGENCY

16. Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants Bank, Majithia, Jordan, and DOES 1 through 10, inclusive, and each of them, at all times herein mentioned were the agents, employees, servants, co-joint venturers, partners, and/or co-conspirators of the remaining Defendants, and were acting in the course and scope of such agency, employment, joint ventures, partnership, and/or conspiracy in the maters herein alleged; that Defendants, and each of them, in doing the acts and performances herein alleged were the actual and/or ostensible agents of the remaining Defendants and were acting within the course and scope of said agency; that each and every Defendant, as aforesaid, when acting as a supervisor, employer, or other principal, were negligent in selecting, hiring, supervising, and continuing the employment of each and every Defendant who was or is an agent, servant, employee, partner, co-joint venture and/or co-conspirator with each such principal Defendant; and/or that each Defendant approved, consented, and agreed to support, participate in, authorize, and/or ratified the acts and/or omissions of the other Defendants who were or are agents, servants, employees, employers, or other principals, partners, joint venture, and/or co-conspirators of and with each such Defendant.

## SUMMARY OF FACTS

17. Smith was terminated from her 10-year position with Bank on May 2, 2012.

18. Smith began working for Bank in 2002 as a temporary employee and eve then during her period of being a temporary employee, she was regularly complimented for her performance.

19. Smith became a permanent employee in November 2004 and continued to receive accolades for

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

5

COMPLAINT OF PLAINTIFF, MYKELLA SMITH, FOR DAMAGES AND EQUITABLE RELIEF

her performance.  Even in December 2011 Bank again commended Smith for ". . .taking ownership of the customer experience.  Your commitment to exceeding our customers' expectations has a direct impact to the success of our company."

20.  The position she held at the time of her termination was that of a Senior Customer Service Representative.  From the very beginning of Smith's employment with Bank to the end, Smith's work performance was exemplary.  Over the eight (8) years as a permanent employee, Bank trusted Smith to and Smith did train new associates.

21.  On April 30, 2012, Smith was even offered a substantial promotion, the position of Customer Relationship Manager II, because of her performance and commitment to Bank's success.

22.  Beginning in late 2011, Smith's manager, Defendant Jordan, began to question Smith's medical leave and not putting the necessary documents approving the medical leaves in Smith's file.  Smith went to the unit manager, Patti Garza ("Garza"), and explained the situation and that Jordan had consistently made false statements to Smith about these documents and told Smith not to worry about these documents.  Smith, however, was concerned and had good reason to be concerned.

23.  In January 2012, Smith requested to be moved to a different team other than the team supervised by Jordan.  Garza granted the request, and Smith was transferred to Defendant Majithia's team.  Smith remained a Senior Customer Service Representative.  Both Jordan and Majithia did not like the fact Smith complained about the discrimination based on her requests for medical leave and was transferred to another team.

24.  In April 2012, Smith applied for the Customer Relationship Manager II position.  On April 13, 2012, Smith had an interview and was instructed to bring her attendance records and performance sheets.  After the interview and after the review of her employment records, on April 30, 2012, Smith was offered the position of Customer Relations Manager II.  On May 01, 2012, Smith was sent a tutorial document and necessary paperwork stating she accepted the position.  Smith signed the necessary paperwork, specifying

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

6

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

1   she accepted the Customer Relations Manager II position.  Shortly thereafter, on the same day, Smith was

2   informed the offer had to be rescinded and that she had to meet with her manager and unit manager

3   because "there was a problem with [Smith's} attendance file."  At 5:00 p.m. that same day, a meeting was set

4   up with Smith's manager, Majithia.  At this point in time, nothing was said about Smith being terminated or

5

6   any reasons for a termination.

7       25. On May 02, 2012, the meeting took place.  Smith provided Majithia with her FMLA documentation

8   as well as Kaiser Permanente's Work Status Report.  In fact, her filed contained information regarding her

9   approved FMLA, CFRA, and Bank's own policies regarding  leaves of absences which stated the following

10  dates:  09/25/2009 through 09/28/2009, 08/26/2010 through 08/31/2010, 08/01/2011 through 11/01/2011,

11  11/02/2011 through 02/02/2012.  Smith also inquired as to the status of the information letter for the

12  Customer Relationship Manager II position.  At 9:00 a.m. on the same day, the meeting between Smith and

13  Majithia and Jordan, her former manager, took place.  At the meeting Smith was told she had failed to

14

15  properly produce the documentation for her absences.  However, again, Smith showed Majithia and Jordan

16  the documentation from Aetna, Bank's insurance agent, as well as the documentation from Kaiser

17  Permanente supporting she had presented and had been approved for the medical leaves.  Smith further

18  informed Majithia and Jordan that these same supporting documents had been given to Jordan, and that

19  Jordan assured Smith everything would be okay and not to worry and that Jordan would properly  file all of

20  the necessary paperwork.  Jordan intentionally did not put any of the supporting documents in Smith's file.

21  Smith further reminded Majithia and Jordan that her mother had major surgery and that Smith had to care for

22  her mother beginning in August 2011 which was the reason for her FMLA and CFRA approved medical

23  leaves.

24

25      26. After the meeting with Majithia and Jordan, Smith was contacted by another employee, a non-black

26  Latina, who had initially been denied the Customer Relationship Manager II position but who had now been

27  given the promotion Smith had previously accepted.  This employee had never complained about being

28

7

COMPLAINT OF PLAINTIFF, MYKELLA SMITH, FOR DAMAGES AND EQUITABLE RELIEF

1   discriminated against because of requesting disability leave and had never sought or received FMLA or

2   CFRA medical leaves. This employee was not an African-American employee like Smith.

3      27. In the afternoon on the same day, Majithia questioned Smith about a "personal day" Smith had

4   taken on February 17, 2012, and asked if Smith had put, instead, that Smith was at work and had been paid

5   for that time. Majithia and Jordan were now accusing Smith of stealing from Bank. Smith did not attempt to

6

7   steal any time from Bank. So, Smith took it upon herself to review her timesheets and noticed the error had

8   been made by Majithia who had approved the time off for that day. Majithia acknowledged her error, correct

9   the error, and gave Smith a copy of the corrected paperwork.

10     28. At 3:30 p.m., however, on the same day when Smith was leaving work, Smith was asked by Majithia

11  to meet with her. Majithia informed Smith she did not care whether or not Smith proved she had not

12  engaged in wrongdoing, Smith was being fired for an absence and misconduct in December 2011 even

13  though in December 2011 Smith was awarded the Bank of America Global Recognition. Jordan, who was

14  also at the meeting when Majithia fired Smith, told Smith she could resign rather than be fired. Smith refused

15

16  to resign because she had done nothing wrong but exercise her right to seek FMLA/CFRA medical leave and

17  complained about being discriminated against because she sought and received medical leaves. She had

18  the right to be removed from Jordan's team because Jordan had been discriminating against her. Majithia

19  and Jordan retaliated against Smith because she engaged in these protected activities.

20     29. Previously, on December 27, 2011, Smith was given a "Final Written Warning—Absence" which

21  listed December 22, 2011, and August 01, 2011, as the reasons for the final warning. However, once again,

22  Smith had approved medical leaves for these dates and periods of time. Majithia and Jordan both knew this

23  final warning had been made in error and had been corrected. The fact Majithia and Jordan knew Smith had

24  approved medical leaves made no difference. They did not want Smith, an African American woman, to get

25  the Customer Relationship Manager II position. They did not want Smith, who engaged in the protected

26  activities of receiving approved FMLA/CFRA, to get the Customer Relationship Manager II position. They did

27

28

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

8

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

1  not want Smith, who engaged in the protected activities of complaining about the discrimination leveled

2  against her, to get the Customer Relationship Manager II position. So, only one day after getting one of the

3  highest we—deserved promotions in her position, Smith was summarily fired by Majithia and Jordan.

### FIRST CAUSE OF ACTION FOR RELIEF

(Violation of the Prohibition Against Race/Color Discrimination Against Bank)

7  30. The allegation set forth in paragraphs 1 through 29, inclusive, are incorporated into this cause of

8  Action for relief by reference as if set forth in full.

9  31. The California Constitution and Fair Employment and Housing Act prohibit race/color discrimination

10  in employment.

11  32. On a continuing basis, Bank and its agents discriminated against Smith based on her race and color

12  and allowed the hostile workplace harassment against Smith.

13

14  33. Bank intentionally discriminated against smith because she is an African American, and its

15  decision to allow the discrimination against Smith is based on her race and color and was a determining

16  factor in the employment decision. If Bank and its agents had not taken Smith race and color into

17  consideration, the continuing adverse employment decision would not have been made.

18  34. California Government Code, § 129409a) prohibits discrimination based on race and color against a

19  a person in terms, conditions, or privileges of employment. Plaintiff filed a charge of discrimination with the

20
California Department of Fair Employment and Housing. Plaintiff received her right-to-sue notice from the

21
DFEH.

22

23  35. Plaintiff believes and alleges that Plaintiff's race and color were a substantial and determining

24  factor in Bank's decision to terminate her and replace her in her promotion with a Latino female employee

25  who was not as qualified as Plaintiff. As a direct, foreseeable, and proximate result of Defendants'

26  discriminatory acts, Plaintiff has suffered and continues to suffer losses in job benefits, and continues to

27

28

9

1  suffer humiliation, embarrassment, mental and emotion anguish, discomfort, all to Plaintiff's damage in an

2  amount, the precise amount of which will be proven at trial.

3      WHEREFORE, Plaintiff seeks relief as stated below.

4

5

6              **SECOND CAUSE OF ACTION FOR RELIEF**

7              (Retaliation in Violation of FEHA Against Bank)

8      36. The allegations set forth above in paragraphs 1 through 35, inclusive, are incorporated into this

9  cause of action for relief by reference as if set forth in full.

10     37. California Government Code § 12940(h) prohibits retaliation based on protected classification and

11  because Plaintiff engaged in the protected activity of complaining about and against the unlawful

12  discrimination, retaliation, and harassment under FEHA.

13

14     38. Plaintiff believes and alleges that the retaliation against Plaintiff was a substantial and determining

15  factor in Bank's adverse decision to deny Plaintiff her promotion and to terminate Plaintiff.

16     39. As a direct, foreseeable, and proximate result of Defendants' discriminatory acts, Plaintiff has

17  suffered and continues to suffer losses in job benefits, and continues to suffer humiliation, embarrassment,

18  mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount, the precise amount of

19  which will be proven at trial.

20     WHEREFORE, Plaintiff demands judgment against Bank as stated below.

21

22

23              **THIRD CAUSE OF ACTION FOR RELIEF**

24              **(Negligence Against Bank)**

25     40. The allegations set forth above in paragraphs 1 through 39, inclusive, are incorporated into this claim

26  for relief by reference as if set forth in full.

27     41. Because of the special relationship between an employer and employee and the policy of the State

28  of California to prevent prohibited discrimination, retaliation, and harassment in the workplace, Bank owed a

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

10

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

1   duty to Smith to provide a workplace free from discrimination and disparate treatment based on unlawful

2   conduct.

3       42.  Bank breached its duty of care which was the proximate cause of the injuries suffered by Smith.

4           WHEREFORE, Smith seeks these remedies and further relief as stated below.

5

6                           **FOURTH CAUSE OF ACTION FOR RELIEF**

7                           (Breach of Contract and Covenant of Good Faith and

8                                   Fair Dealing Against Bank)

9       43.  The allegations set forth above in paragraphs 1 through 42, inclusive, are incorporated into this claim

10  for relief by reference as if set forth in full.

11      44.  Smith was employed by Bank under a contract that was partly written, partly oral, and partly implied.

12  The terms of the contract relied on by Smith included but are not limited to

13          (a)     Written personnel policies which provided that

14                  (1)     If an employee is performing unsatisfactorily, the employee would be disciplined in

15  accordance with Bank's progressive disciplinary steps;

16                  (2)     Employees would be treated fairly and in accordance with the laws of the State of

17  California and the United States of America;

18          (b)     Smith had a contract of employment so long as she performed her job in a satisfactory

19  manner, and any failure to be treated fairly could only be for good cause proven or believed to be true in

20  good faith and then would be carried out in accordance with the stated written policies of Bank.

21      45.  Bank breached its contract with Smith by

22          (a)     Refusing to give Smith a fair and equal opportunity to be treated fairly and equally like all

23  other employees who were not members of protected classes;

24          (b)     Blaming Smith for its discriminatory and retaliatory employment practices;

25          ( c)    Failing to treat Smith in accordance with Bank's stated policies and procedures;

26          (d)     Expressly and constructively denying Smith her right to be treated fairly without following the

27  policies and procedures;

28      46.  Bank has refused and continues to refuse to allow Smith the benefits of her employment contract

11

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

1  and to perform under this contract in the agreed on manner.

2  47.   As a result of the employment relationship which existed between Smith and Bank, the expressed

3  and implied promise made in connection with that relationship, and the acts, conduct, and communications

4  resulting in these implied promises, Bank promised to act in good faith toward and deal fairly with Smith

5  which required, among other things, that

6        (a)   Each party in the relationship must act with good faith toward the other concerning all

7  matters related to the employment;

8        (b)   Each party in the relationship must act with fairness toward the other concerning all matters

9  related to the employment;

10       ( c)  Neither party would take any action to unfairly prevent the other from obtaining the benefits

11 of the employment relationship;

12       (d)   Bank would similarly treat employees who are similarly situated;

13       (e)   Bank would comply with its own representations, rules, policies, and procedures in dealing

14 with Smith;

15       (f)   Bank would give Smith's interests as much consideration as it gave its own interests or that

16 of other similarly situated employees;

17 48.   Bank's blatant discriminatory and retaliatory conduct against Smith was and is wrongful, in bad faith,

18 and unfair, and, therefore, a violation of Bank's legal duties.  Smith further alleges that Bank breached the

19 covenant of good faith and fair dealing when it:

20       (a)   Repeatedly refused to abide by its own policies when dealing with Plaintiff;

21       (b)   Repeatedly denied the existence of the contract and the agreements made with Plaintiff;

22       ( c)  Unfairly prevented plaintiff from obtaining the benefits of her employment relationship;

23       (d)   Treated similarly situated employees differently by imposing different responsibilities on

24 similarly situated employees, and by tolerating poor performance and unlawful conduct by other similarly

25 situated employees;

26       (e)   Denied Plaintiff's right to the same employment rights;

27 49.   As a direct, foreseeable, and proximate result of Bank's breach, Smith has suffered and continues to

28 suffer substantial losses in earnings, bonuses, and job benefits, the precise amount of which will be proven

COMPLAINT OF PLAINTIFF, MYKELLA SMITH, FOR DAMAGES AND EQUITABLE RELIEF

1 │ at trial.

2 │ 50.  As a further direct and proximate result of Bank's unlawful conduct, Smith has suffered extreme and

3 │ severe anguish, humiliation, emotional distress, physical deterioration, nervousness, tension, anxiety, and

4 │ depression, the extent of which is not fully known at this time, and the amount of damages caused by Bank's

5 │ conduct is not yet fully ascertained but in an amount, the precise amount to be proven at the time of trial.

6 │ 51.  Smith claims this amount together with prejudgment interest pursuant to California *Civil Code*,

7 │ Section 3287 and pursuant to any other provisions of law providing for prejudgment interest.

8 │   WHEREFORE, Smith demands judgment against Bank as set forth in this complaint.

9 │

10 │   ### FIFTH CAUSE OF ACTION FOR RELIEF

11 │   (Intentional Infliction of Emotional Distress

12 │   Against All Defendants)

13 │ 52.  The allegations set forth above in paragraphs 1 through 51, inclusive, are incorporated into this claim

14 │ for relief by reference as if set forth in full.

15 │ 53.  Smith suffered and continues to suffer severe emotional distress caused by Defendant's

16 │ outrageous conduct with the intent to cause, or with reckless disregard of the probability of causing,

17 │ emotional distress.  The Defendants used Smith's own disability and the disability of her mother against her

18 │ in order to fire her. The abusive conduct, intended to harm Smith and her mother, goes beyond all possible

19 │ bounds of decency and is utterly intolerable within a civilized society like the United States, based upon the

20 │ laws of the State of California and federal law which are designed to prevent such indecent conduct in the

21 │ workplace. Plaintiff suffered severe mental distress when being faced with the fact she was fired because of

22 │ her disability and the major illness of her mother

23 │ 54.  The emotional distress is so severe that it has caused Smith to be alienated from her family because

24 │ of being fired because she obtained above medical leaves.  The conduct was specifically intended to harm

25 │ Plaintiff and even her critically ill mother.

26 │ 55.  She has lost the enjoyment of life and the enjoyment of her family as a result of the

27 │ Defendants' conduct.  The Defendants have made Smith view herself as a failure despite her work and

28 │ dignity during her employment at Bank.

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

13

COMPLAINT OF PLAINTIFF, MYKELLA SMITH, FOR DAMAGES AND EQUITABLE RELIEF

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

1

2   WHEREFORE, Smith seeks these remedies and further relief as stated below.

3

4   ### SIXTH CAUSE OF ACTION FOR RELIEF

5   (Harassment in Violation of Govt. Code § 12900, et seq.

6   Against Defendants Bank, Majithia, and Jordan)

7       56.    The allegations set forth above in paragraphs 1 through 55, inclusive, are incorporated into

8   this claim for relief by reference as if set forth in full.

9       57.    California state law prohibits harassment creating a hostile work environment in

10   employment, specifically based on race, color, disability, and when an employee has engaged in a protected

11   activity, both under the Code.

12       58.    The abusive and outrageous conduct by the defendants and their agents was

13   unquestionably based on racism and also based on Plaintiff's disability, and requests for and approved

14   medical leaves. The abusive harassing conduct which created the hostile environment also was based on

15   plaintiff engaging in the protected activity of complaining about the harassment, discrimination, and

16   retaliation which is protected under the Code.

17       WHEREFORE, Smith seeks remedies and further relief as stated below.

18

19   ### SEVENTH CAUSE OF ACTION FOR RELIEF

20   (Hostile Work Environment in Violation of

21   Govt. Code § 12900, et seq. Against Defendants Bank, Majithia, and Jordan)

22       59.    The allegations set forth above in paragraphs 1 through 58, inclusive, are incorporated into

23   this claim for relief by reference as if set forth in full.

24       60.    California state law prohibits harassment creating a hostile work environment in

25   employment, specifically based on race, national and when an employee has engaged in a protected activity,

26   both of which are violations under the Code.

27       61.    The abusive, repetitive conduct by the Defendants and their agents was unquestionably based

28   on plaintiff's race and her requests for and receipt of approved medical leaves. The abusive harassing

14

COMPLAINT OF PLAINTIFF, MYKELLA SMITH, FOR DAMAGES AND EQUITABLE RELIEF

1   conduct which created the hostile environment also was based on plaintiff engaging in the protected activity

2   of complaining about the harassment, discrimination, and retaliation which is protected under this Code.

3       62.    Looking at all the circumstances which include the type and nature of the harassment and

4   whether it was threatening and humiliating, there is no question that plaintiff suffered from a hostile

5   environment. The hostile work environment was created because plaintiff was repeatedly treated different

6   from other similarly situated employees and she was overwhelmed with meeting and false documents in

7   order to force her to quit or suffer the humiliation of termination. Because of the nature of the harassment

8   and its violation of public policy, the objective person would find the hostility created an abusive work

9   environment, designed to harm Plaintiff.

10       WHEREFORE, Smith seeks these remedies and further relief as stated below.

11

12   **EIGHTH CAUSE OF ACTION FOR RELIEF**

13   (Violation of The Family Medical Leave Act

14   and the California Family Rights Act Pursuant to

15   Gov. Code §12945.2 Against Defendants Bank, Majithia, and Jordan)

16       63.    The allegations set forth above in paragraphs 1 through 62, inclusive, are incorporated into

17   this claim for relief by reference as if set forth in full.

18       64.    Federal law under the Family Medical Leave Act and California state law under FEHA and

19   the California Family Rights Act prohibit retaliation in employment, specifically when an employee has

20   engaged in a protected activity of exercising her right to medical leave under the Acts.

21       65.    Plaintiff worked over 8 years for Bank. Instead of granting Plaintiff's requests for time

22   To Defendants set up a paper trial of reprimands and subsequently terminated Plaintiff.

23       66.    The Acts provide an employee may request medical leave for a child and or a parent. Both

24   Plaintiff and her mother were deemed to have serious health conditions pursuant to the standards set by

25   the FMLA, CFRA, and the United States Secretary of Labor.

26       WHEREFORE, Smith seeks these remedies and further relief as stated below.

27

28

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

15

1

## NINTH CAUSE OF ACTION FOR RELIEF

2 (Wrongful Termination in Violation of

3 Public Policy and FEHA Against Bank)

4      67.    The allegations set forth above in paragraphs 1 through 66, inclusive, are incorporated into

5 this claim for relief by reference as if set forth in full.

6      65.    Federal and California state law prohibits discrimination, retaliation, and harassment in

7 employment based on race, disability and/or when an employee has engaged in a protected activity.

8      66.    Plaintiff was summarily terminated from her job based on race, disability, and/or because she

9 engaged in a protected activity under FEHA , the California Labor Code, the California Constitution Article I,

10 §8, as well as the federal Family Medical Leave Act.

11     WHEREFORE, Smith seeks these remedies and further relief as stated below.

12

13 ## TENTH CAUSE OF ACTION FOR RELIEF

14 (Failure To Prevent Discrimination in the Workplace Against Bank)

15     67. The allegation set forth in paragraphs 1 through 66, inclusive, are incorporated into this cause of

16 action for relief by reference as if set forth in full.

17     68. The California Constitution and Fair Employment and Housing Act prohibit race/color

18 discrimination in employment.  The employer is held responsible for preventing discrimination in the

19 workplace against its employee.

20

21     69. On a continuing basis, Bank and its agents discriminated against Smith based on her race and

22 Color and allowed the hostile workplace harassment against Smith to continue without acting in any manner

23 to prevent such conduct.

24     70. Bank intentionally discriminated against Smith because she is an African American, and its

25 decision to allow the discrimination  in the workplace against Smith is based on her race and color and was a

26 determining factor in the employment decision.  If Bank and its agents had not taken Smith race and color

27 into consideration, the continuing adverse employment decision would not have been made.

28

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

16

71. California Government Code, § 129409a) prohibits discrimination based on race and color against a person in terms, conditions, or privileges of employment. Plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing. Plaintiff received her right-to-sue notice from the DFEH.

72. Plaintiff believes and alleges that Plaintiff's race and color were a substantial and determining factor in Bank's decision to terminate her and replace her in her promotion with a Latino female employee who was not as qualified as Plaintiff. As a direct, foreseeable, and proximate result of Defendants' discriminatory acts, Plaintiff has suffered and continues to suffer losses in job benefits, and continues to suffer humiliation, embarrassment, mental and emotion anguish, discomfort, all to Plaintiff's damage in an amount, the precise amount of which will be proven at trial.

WHEREFORE, Plaintiff seeks relief as stated below.

### ELEVENTH CAUSE OF ACTION FOR RELIEF

(Failure To Promote in Violation of

FEHA Against Bank)

73. The allegations set forth above in paragraphs 1 through 72, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

74. Federal and California state law prohibits discrimination, retaliation, and harassment in employment based on race, disability and/or when an employee has engaged in a protected activity.

75. Plaintiff was first awarded a promoted and then denied the same promotion because of her race, disability, and/or because she engaged in a protected activity under FEHA , the California Labor Code, the California Constitution Article I, §8, as well as the federal Family Medical Leave Act.

WHEREFORE, Smith seeks these remedies and further relief as stated below.

//
//
//
//

COMPLAINT OF PLAINTIFF, MYKELLA SMITH, FOR DAMAGES AND EQUITABLE RELIEF

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**TWELFTH CAUSE OF ACTION FOR RELIEF**

(Denied a Reasonable Accommodation Against Bank)

76.      The allegations set forth above in paragraphs 1 through 75, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

77.      Federal law under the Family Medical Leave Act and California state law under FEHA and the California Family Rights Act prohibit retaliation in employment, specifically when an employee has engaged in a protected activity of exercising her right to medical leave under the Acts. Bank refused to accommodate Plaintiff when she took her medical leaves. Instead, Bank harassed Plaintiff, reprimanded Plaintiff, and otherwise disciplined Plaintiff for taking medical leaves recommended by her treating physician.

78.      Plaintiff worked over 8 years for Bank. Instead of granting plaintiff's requests for time to care for herself due to her illness/disability, Defendants set up a paper trial of reprimands and subsequently terminated Plaintiff.

WHEREFORE, Smith seeks these remedies and further relief as stated below.

COMPLAINT OF PLAINTIFF, MYKELLA SMITH, FOR DAMAGES AND EQUITABLE RELIEF

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

1

2           **DEMAND FOR JURY TRIAL**

3      Plaintiff, MYKELLA SMITH, now demands a jury trial.

4

5            **PRAYER FOR RELIEF**

6      1.      An award of monetary damages sufficient to compensate fully SMITH for

7  all losses she has suffered as a direct and proximate result of defendant's unequal, discriminatory, and

8  retaliatory treatment of SMITH.

9

10     2.      An award of monetary damages sufficient to compensate fully SMITH for emotional

11 trauma suffered by SMITH, including damages for mental distress emotional pain, loss of enjoyment of life,

12  and other non-pecuniary losses.

13

14     3.      An award of monetary damages as mandated by civil rights laws, both federal

15 and state.

16

17     4.      An award of punitive damages sufficient to punish BANK, MAJITHIA,  and JORDAN in an

18 amount no less than $1,000,000.00, jointly and severally because BANK, MAJITHIA, and JORDAN, as the

19 managing/supervising agents for Bank, (1) had advanced knowledge/information from SMITH that the

20 conduct would inflict an injury upon plaintiff,  (2) had advance knowledge/information from SMITH that their

21 conduct was unlawful, (3) authorized the wrongful acts, and (4) were personally guilty of the oppression and

22 malice directed toward SMITH.

23

24     5.      An award of costs, including attorney's fees pursuant to FEHA, including lodestar

25 application.

26

27     6.      An award of attorney's fees pursuant to California Code of Civil Procedure, section 1021.5,

28 the private attorney general statute.

COMPLAINT OF PLAINTIFF, MYKELLA SMITH, FOR DAMAGES AND EQUITABLE RELIEF

7.    An award of costs, including attorney's fees pursuant to 42 U.S.C. section 1988, and any other applicable federal statutes for attorney's fees.

8.    An award of costs, including attorney's fees, to cover all of SMITH's actual costs.

9.    An award of other relevant provisions of law.

10.    An award of such other and further relief as the Court considers/deems proper and just.

Dated: March 03, 2013          **LAW OFFICES OF GLORIA DREDD HANEY**

By: _____
Gloria Dredd Haney
Attorney for Plaintiff
**MYKELLA SMITH**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

20

COMPLAINT OF PLAINTIFF, MYKELLA SMITH, FOR DAMAGES AND EQUITABLE RELIEF



# CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
EMPLOYMENT

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH INQUIRY NUMBER:
67780-31985

COMPLAINANT NAME:
Mykella Smith

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| RESPONDENT NAME:<br>Bank of America | AGENT FOR SERVICE NAME:<br>Bank of America | TELEPHONE NUMBER:<br>(714) 792-9956 |
|---|---|---|
| ADDRESS (AGENT FOR SERVICE):<br>4151 Piedmont Parkway | | CITY/STATE/ZIP:<br>Greensboro, North Carolina 27410 |
| NO. OF EMPLOYEES/MEMBERS:<br>100 | DATE MOST RECENT DISCRIMINATION TOOK PLACE:<br>May 02, 2012 | TYPE OF EMPLOYER:<br>Private Employer |

CO-RESPONDENT(S):

| NAME | ADDRESS |
|---|---|
| Linda Jordan<br>Bank of America<br>Chandrika Majithia | 275 South Valencia  Brea  California 92821 |
| Bank of America | 275 South Valencia  Brea  California 92821 |

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right to sue. I understand that if I want a federal right to sue notice, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure and Right to Sue," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California that, to the best of my knowledge, all information contained in this complaint is true and correct, except matters stated on my information and belief, and I declare that those matters I believe to be true.

DATED January 07, 2013 At Marino Valley       VERIFIED BY:Gloria Dredd Haney, Attorney for Complainant

DFEH-300-030 (07/12)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: Jan 07, 2013
MODIFIED: Jan 07, 2013

STATE OF CALIFORNIA





STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | Videophone (916) 226-5285 | TDD (800) 700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

January 07, 2013

RE: 67780-31985  - Smith Mykella - Right To Sue

Notice of Filing of Discrimination Complaint

Bank of America  Agent for Service for  Bank of
America
4151 Piedmont Parkway
Greensboro North Carolina 27410

Chandrika Majithia
275 South Valencia
Brea California 92821

Linda Jordan

275 South Valencia
Brea California 92821

Page 2/2



CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
EMPLOYMENT

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

I ALLEGE THAT I EXPERIENCED:
Discrimination, Harassment, Retaliation

ON OR BEFORE: May 02, 2012

BECAUSE OF MY ACTUAL OR PERCEIVED: Ancestry, Color, Disability - including HIV and AIDS, Engagement in Protected Activity, Family Care or Medical Leave, Race

AS A RESULT, I WAS: Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied continuation of employer-paid health care coverage while on pregnancy disability leave, Denied employment, Denied family care or medical leave, Denied promotion, Denied reasonable accommodation, Denied reinstatement, Terminated

STATE WHAT YOU BELIEVE TO BE THE REASON(S) FOR DISCRIMINATION:

Mykella N. Smith ["Smith"] was terminated from her 10-year position with employer Bank of America ["B of A" or "employer"] on May 02, 2012. Smith began working for employer in 2002 as a temporary employee and even then during her period of being a temporary employee, she was regularly complimented for her performance. Smith became a permanent employee in November 2004 and continued to receive accolades for her performance. Even in December 2011 the employer again commended claimant for ". . .taking ownership of the customer experience. Your commitment to exceeding our customers' expentations has a direct impact to the success of our company." The position she held at the time of her termination was that of a Senior Customer Service Representative. From the very beginning of Smith's employment with B of A to the end, Smith's work performance was exemplary. Over the eight years as a permanent employee, the employer trusted Smith to and Smith did train new associates. On April 30, 2012, Smith was even offered a substantial promotion, the position of Customer Relationship Manager II ["CRM"], because of her performance and commitment to the employer's success. Beginning in late 2011, Smith's manager Linda Jordan ["Jordan"] began to question Smith's medical leaves and not putting the necessary documents approving the medical leaves in Smith's file. Smith went to the unit manager, Patti Garza ["Garza"], and explained the situation and that Jordan had consistently made alse statements to Smith about these documents and told Smith not to worry about these documents. Smith, however, was concerned and had good reason to be concerned. In January 2012, Smith requested to be moved to a different team other than Jordan's. Garza granted the request, and Smith was transferred to Chandrika Majithia's ["Majithia's] team. Smith remained a Senior Customer Service Representative. Both Jordan and Majithia did not like the fact Smith complained abou the discrimination based on her requests for medical leave and was transferred to another team. In mid-April 2012, Smith applied for the CRM position. On April 13, 2012, Smith had an interview and was instructed to bring her attendance records and performance sheets. After the interview andf after the review of her employment records, on April 30, 2012, Smith was offered the position of Customer Relations Manager II. On May 01, 2012, Smith was sent a tutorial document and signed the paperwork, specifying she accepted the CRM position. Shortly afterwards, on the same day, Smith was informed the offer had to be rescinded and that claimant had to meet with her manager and unit manager because "there was a problem with [Smith's] attendance file." At 5:00 p.m. that same day, a meeting was set up with Smith's manager. At this point in time, nothing was said about Smith being terminated or any reasons for a termination. On May 2, 2012, the meeting took place. Smith provided her manager with her FMLA documentation as well as Kaiser Permanente's Work Status Report. In fact, her filed contained information regarding her approved FMLA, CFRA, BAFCI leaves of absences, which stated the following dates: 09/25/2009 through 09/28/2009, 08/26/2010 through 08/31/2010, 08/01/2011 through 11/01/2011, 11/02/2011 through 02/02/2012. Smith also procuded Kaiser Permanente's Work Status Report. Smith also inquired as to the status of the cinformation letter for the CRM position and the documents she signed, confirming her acceptance of the CRM position. At 9:00 a.m. on the same day, the meeting between Smith's present manager and her former manager took place. At the meeting Smith was told she had failed to properly produce the documentation for her absences. However, again, Smith showed her manager and her former manager the documentation from Aetna, the employer's insurance, as well as the documentation from Kaiser Permanente supporting the same. Smith further informed her manager and former manager that these documents had been given to Jordan, and that Jordan assured Smith not to worry and that Jordan would take care of the matter. Jordan never put the documents in Smith's file. Smith further explained that her mother had major surgery and that Smith had to care for her mother beginning in August 2011 which was the reason for her FMLA and CFRA approved medical leaves. After the meeting, Smith was contacted by another employee who had initially been denied the CRM position but who had now been given the CRM position promised to Smith and accepted by Smith. In the afternoon of the same day, Majithia questioned Smith about a "personal day" Smith had taken on Februry 17, 2012, and asked if Smith had put, instead, that Smith was at work and had been paid for the same. Smith denied the accusation which was also supported by documentation. Smith had taken it upon herslelf to review her timesheets and noticed an error had been made in that Majithia, herself, had approved the time off for that day. Majithia acknowledged her error, corrected the same, and gave Smith a copy of the corrected paperwork. At 3:30 p.m., howeer, on the same day Smith was leaving work, Smith was asked by her manager, Majithia, to meet with her. At that time, Smith was informed Smith was being fired for the DFecember 2011 absence even though during the same period the employer awarded Smith the Bank of America Global Recognition. Jordan, who was also in attendance at the firing, informed Smith she could resign instead of being fired. Smith refused to resigned. Smith was then given a termination letter. Previously, in August 2011, Smith had been given a written warning for absences which included 08/01/2011, even though Smith had an approved medical leave. Now, Smith was told she was being fired because, specifically, of her December 2011 absence. On December 27, 2011, Smith was given a "final Written Waring--Absence" which listed December 22, 2011 and August 01, 2011 as the reasons for the final warning. However, once again, Smith had approved medical leaves for these dates and periods of time. The fact Majithia and Jordan knew Smith had approved medical leaves made no difference. Because Smith engaged in protected activities and because Smith is a black woman, she was discriminated against, relataliated against, and harassed. So, one day

after getting one of the highest well-deserved promotions in her position, Smith was summarily fired.

DFEH-300-030 (07/12)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: Jan 07, 2013
MODIFIED: Jan 07, 2013

STATE OF CALIFORNIA

Page 2/2

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | Videophone (916) 226-5285 | TDD (800) 700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Jan 07, 2013

Mykella Smith

24815 Lukewood Place

Marino Valley, California 92553

RE: 67780-31985  - Smith Mykella - Right To Sue

### Notice of Case Closure and Right to Sue

Dear Mykella Smith:

This letter informs you that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Jan 07, 2013 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Department of Fair Employment and Housing

cc: Bank of America , Agent for Service for Bank of America

Linda Jordan      Chandrika Majithia

Bank of America Bank of America

EXHIBIT B

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## SACV13- 930 JVS (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

 **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| MYKELLA SMITH, an individual | BANK OF AMERICA, N.A. (erroneously sued as BANK OF AMERICA); CHANDRIKA MAJITHIA; LINDA JORDAN; and DOES 1 through 10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| Gloria Dredd Haney (SBN 157627) LAW OFFICE OF GLORIA DREDD HANEY 333 City Boulevard West, 17th Floor Orange, CA 92868 Tel: (714) 938-3230 | Cindy M. Walker (SBN 186589) REED SMITH LLP 355 South Grand Avenue, Suite 2900 Los Angeles, CA 90071-1514 Tel: (213) 457-8000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi- District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** Unlimited - $1,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Family and Medical Leave Act (29 U.S.C. Section 2601 et seq.) -- retaliation and failure to provide reasonable accomodation

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ-enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com-modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☒ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: _SACV13-930_

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Orange County of Riverside | State of North Carolina |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
NOTE: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Orange | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: 4/19/2013
Cindy Walker

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)
Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 883 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc. www.FormsWorkFlow.com

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA  90071-1514.  On June 19, 2013, I served the following document(s) by the method indicated below:

### DEFENDANT BANK OF AMERICA, N.A.'S CIVIL COVER SHEET

☐ by transmitting via facsimile on this date from fax number 213.457.8080 the document(s) listed above to the fax number(s) set forth below.  The transmission was completed before NOON and was reported complete and without error.  The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine.  Service by fax was made by agreement of the parties, confirmed in writing.   The transmitting fax machine complies with Cal.R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.  A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the addressee at the hearing at Superior Court,

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.  A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

Gloria Dredd Haney
333 City Boulevard West, 17th Floor
Orange, CA  92868
Telephone:  714 938 3230

I declare under penalty of perjury that the above is true and correct.  Executed on June 19, 2013, at Los Angeles, California.

_____
Mary J. Nungary

PROOF OF SERVICE