1  L. Julius M. Turman (SBN 226126)
   Email: jturman@reedsmith.com
2  Geneva A. Collins (SBN 187023)
   Email: gcollins@reedsmith.com
3  REED SMITH LLP
   101 Second Street
4  Suite 1800
   San Francisco, CA 94105-3659
5  Telephone: +1 415 543 8700
   Facsimile: +1 415 391 8269
6
7  Attorneys for Defendants
   Bank of America, N.A. (erroneously sued
   as "Bank of America") and Chandrika
8  Majithia

9
                UNITED STATES DISTRICT COURT
10
                CENTRAL DISTRICT OF CALIFORNIA
11

12  | MYKELLA SMITH, | No.: SACV 13-0930-DOC(JPRx) |
13  | Plaintiff, | Courtroom 9-D |
14  | vs. | **PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND RELATED INFORMATION** |
15  | BANK OF AMERICA; CHANDRIKA MAJITHIA; LINDA JORDAN; and DOES 1 through 10, | |
16  | | |
17  | Defendants. | Complaint Filed: March 5, 2013<br>Discovery Cut-off: January 31, 2014<br>Trial Date: May 13, 2014 |
18

This matter is before the Court for entry of an order, with consent and agreement of the parties, Mykella Smith ("Plaintiff"), and Bank of America, N. A. and Chandrika Majithia (collectively, "Defendants"), governing the disclosure and protection of confidential and proprietary business information that may be sought during discovery in this case. In order to facilitate discovery while preserving and maintaining the confidentiality of certain documents or testimony that may be sought by the parties, the Court having reviewed the Confidentiality Stipulation and this Protective Order, and for good cause shown, it is hereby ORDERED by the Court that:

1. This Protective Order shall govern the use and dissemination of all information, documents or materials that are produced in this action and designated as "Confidential" or "Confidential Attorney Eyes Only." Any Party may, in good faith, designate as "Confidential" or "Confidential Attorney Eyes Only" any documents, interrogatory answers, responses to requests for admission, deposition transcripts, deposition videos, information or other written, recorded, or graphic material produced or disclosed in this litigation that the Party considers to be subject to this Protective Order. This Protective Order extends to any other person or entity, including any third party, who produces or supplies information, documents or other materials used in this action by subpoena, Court order or otherwise.

2. The term "Confidential Information," as used in this Protective Order, shall mean (a) information not in the public domain that reflects confidential financial or commercial information, (b) matters that constitute or contain trade secrets pursuant to applicable law, and (c) the non-public personal information of third-parties, including information that identifies the personal or financial information for a given person, including name, address, account number, telephone number, place or position of work, or other identifying information.

3. The term "Confidential Attorney Eyes Only Information," as used in this

Protective Order, shall mean information not in the public domain that is so proprietary or competitively sensitive that its disclosure may cause competitive injury. Such information may include, but is not limited to, highly sensitive financial and trade secret information. The parties recognize that the type of information which can properly be considered "Confidential Attorney Eyes Only" is limited. Accordingly, the parties expect to use this designation sparingly and only where the parties deem it necessary to protect against the release of information that may cause harm to an individual or entity through disclosure of the information contained therein.

4. Nothing in this Protective Order shall limit the right of a party to use documents and information that (a) were lawfully in its possession prior to the initiation of this action; (b) were, are, or become public knowledge, not in violation of this Protective Order; (c) are acquired by the non-producing party from a third-party who breached no legal obligation in providing the document(s) to the non-producing party; or (d) become declassified under the Protective Order. The parties shall not designate information as "Confidential" or "Confidential Attorney Eyes Only" for the purpose of interfering with the rights of the receiving party to conduct discovery.

**Confidential and Confidential Attorney Eyes Only Information**

5. Any party to this action or other person or entity, including any third party, who produces or supplies information, documents or other materials used in this action (hereinafter the "Designating Party" or the "Producing Party") may designate as "Confidential" or "Confidential Attorney Eyes Only" any such information, document or material that it reasonably and in good faith believes constitutes or contains Confidential Information or Confidential Attorney Eyes Only Information under the terms of this Protective Order. The designation "Confidential" or "Confidential Attorney Eyes Only" shall be made by affixing on the document or material containing such information, and upon each page so designated if practicable, a legend that in substance states: "**CONFIDENTIAL**" or "**CONFIDENTIAL**

– 3 –

**ATTORNEY EYES ONLY**." To the extent that electronically stored or recorded information or data is produced in native or other form such that is cannot be stamped or imaged with a designation of "Confidential" or "Confidential Attorney Eyes Only," the Designating Party may designate such material as "Confidential" or "Confidential Attorney Eyes Only" by cover letter referring to such material and by labeling that material to the extent possible.

6. Depositions may be designated "Confidential" or "Confidential Attorney Eyes Only" by indicating that fact on the record at the deposition or by providing written notice to the other party within thirty (30) days of receipt of the official hard copy transcript. Within thirty (30) days of receipt of the official deposition transcript, the Designating Party shall advise the court reporter and opposing counsel of the specific pages and lines in which Confidential Information or Confidential Attorney Eyes Only Information appears. If no indication on the record at the deposition is made, all information disclosed during a deposition shall be deemed to be Confidential Information until the time within which portions of the testimony may be appropriately designated as provided for herein has passed. Any party that wishes to disclose the transcript, or information contained therein, before the time within which it may be appropriately designated as "Confidential" or "Confidential Attorney Eyes Only" has passed, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as "Confidential" or "Confidential Attorney Eyes Only" must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any Confidential Information or Confidential Attorney Eyes Only Information that is used as an exhibit in a deposition shall be subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Confidential Information or Confidential Attorney Eyes Only Information. If a Designating Party has advised the court reporter that Confidential

Information or Confidential Attorney Eyes Only Information has been disclosed or used during a deposition, the court reporter shall include on the cover page the following indication: "**DEPOSITION CONTAINS [CONFIDENTIAL INFORMATION/CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION] OF [NAME OF DESIGNATING PARTY] - SUBJECT TO PROTECTIVE ORDER**." In the event the deposition is videotaped, the original and all copies of the video shall be marked by the video technician to indicate that: "**THIS VIDEOTAPE CONTAINS [CONFIDENTIAL INFORMATION/CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION] - SUBJECT TO PROTECTIVE ORDER**." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Confidential Information or Confidential Attorney Eyes Only information. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Confidential Information or Confidential Attorney Eyes Only Information.

7. Confidential Information used in this litigation may be disclosed only to:

   a. This Court and its personnel.

   b. Outside counsel of record and in-house counsel in this litigation (including staff persons employed by such counsel).

   c. The named Parties, including any past, present or future officer, director, or representative of the named Parties, but only to the extent necessary for the prosecution, defense, or settlement of this action. Confidential Information may not generally be made available to the named Parties' officers, directors, or representatives.

   d. Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance.

– 5 –

e. Any deponent or potential deponent, provided that he or she may be shown copies of designated material only during the course of preparation for his or her testimony or in the actual course of deposition, and he or she may not retain any designated material and must be informed of the confidential nature of the materials.

f. Court reporters and videographers engaged by counsel of record to transcribe testimony in connection with this case.

g. Any outside vendor retained by counsel who is assisting in the preparation and trial of this litigation by making photocopies or providing graphic or technological support (collectively, "Outside Vendor"), including for the collection and production of electronically stored information, but only to the extent necessary to enable the Outside Vendor to render such assistance.

h. Contract lawyers, contract paralegals, or other third-parties (collectively "Contract Lawyers") hired to assist with the review of documents or electronically stored information.

i. Any mock juror participating in mock jury trial research in connection with this case, provided that such persons may be shown copies of designated material only during mock jury trial research exercises, may not retain any designated material, and must be informed of the confidential nature of the materials.

j. Any mediator, special master or other third parties (collectively, "Mediators") appointed by the Court or retained by the parties for settlement purposes or resolution of discovery or other disputes and their staff.

k. Translators of or into foreign languages who are not employed by or affiliated with any of the parties, but are retained only to provide translations of any material or testimony designated as Confidential Information or Confidential Attorney Eyes Only Information.

8. Confidential Attorney Eyes Only Information used in this litigation may be disclosed only to:

a. This Court and its personnel.

b. Outside counsel of record and in-house counsel in this litigation (including staff persons employed by such counsel).

c. Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance.

d. A deponent or potential deponent, provided that he or she may be shown copies of designated material only during the course of preparation for his or her testimony or in the actual course of deposition, and he or she may not retain any designated material and must be informed of the confidential nature of the materials.

e. Court reporters and videographers engaged by counsel of record to transcribe testimony in connection with this case.

f. An outside vendor retained by counsel who is assisting in the preparation and trial of this litigation by making photocopies or providing graphic or technological support (collectively, "Outside Vendors") including for the collection and production of electronically stored information, but only to the extent necessary to enable the Outside Vendor to render such assistance.

g. Contract lawyers, contract paralegals, or other third-parties (collectively, "Contract Lawyers") hired to assist with the review of documents or electronically stored information.

h. Any mock juror participating in mock jury trial research in connection with this case, provided that such persons may be shown copies of designated material only during mock jury trial research exercises, may not retain any designated material, and must be informed of the confidential nature of the materials.

i. Any mediator, special master or other third parties (collectively, "Mediators") appointed by the Court or retained by the parties for settlement purposes or resolution of discovery or other disputes and their staff.

j. Translators of or into foreign languages who are not employed by or affiliated with any of the parties, but are retained only to provide translations of any material or testimony designated as Confidential

– 7 –

Information or Confidential Attorney Eyes Only Information.

9. If a party wishes to disclose Confidential Information or Confidential Attorney Eyes Only Information to any person not described in Paragraphs 7 and 8 of this Protective Order, permission to so disclose must be requested from the Designating Party in writing. If within ten (10) business days of request for permission, the Designating Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the party requesting such permission, this Court orders otherwise.

10. Prior to obtaining access to Confidential Information or Confidential Attorney Eyes Only Information, any Expert, deponent or potential deponent, Mediator, translator, Contract Lawyer, or mock juror to whom Confidential Information may be disclosed pursuant to Paragraphs 7, 8, and 9 hereof shall be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment attached hereto as Exhibit A ("Confidentiality Acknowledgment"). In the case of any Outside Vendor, it shall be sufficient for the manager, supervisor or owner of the Outside Vendor to agree in writing that he/she and all his/her employees are bound by this Protective Order by signing a copy of the Confidentiality Acknowledgment. Counsel for the party obtaining a person's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment, and, if requested by the Designating Party, shall provide a copy of the signed acknowledgment to counsel for the Designating Party.

11. If a witness at a deposition refuses to sign the Confidentiality Acknowledgment, any Party may adjourn the deposition to file a motion with the Court seeking to compel the witness to comply with the Protective Order. Any such motion must be filed in strict compliance with Local Rules 37-1 and 37-2. If no Party wishes to adjourn the deposition to file a motion with the Court, the deposition will

– 8 –

proceed and that witness may be shown Confidential Information but counsel seeking to use the Confidential Information shall inform the witness that the witness is obligated to maintain the confidentiality of the Confidential Information pursuant to the terms of this Protective Order.  In compliance with Local Rules 37-1 and 37-2, following a deposition in which a witness refuses to sign the Confidentiality Acknowledgement, any Party may file a motion with the Court seeking to compel the witness to comply with the Protective Order.

12. Where any Confidential Information, Confidential Attorney Eyes Only Information, or information derived from Confidential Information or Confidential Attorney Eyes Only Information is included in any Court filing, the party wishing to file the information shall first submit a written application to and proposed order to the judge for each document the party wishes to file under seal, in accordance with the procedures set forth in Civil Local Rule 79-5.  The filing shall be marked "**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**." The filing party shall take all necessary steps to ensure that any such Confidential Information, Confidential Attorney Eyes Only Information or information derived from Confidential Information or Confidential Attorney Eyes Only Information will be maintained under seal by the Court.  Absent written permission from the Designating Party or a court Order, a party may not file any Confidential Information, Confidential Attorney Eyes Only Information or information derived from Confidential Information or Confidential Attorney Eyes Only Information into the public record.

## General Provisions

13. Except to the extent expressly authorized in this Protective Order, Confidential Information and Confidential Attorney Eyes Only Information shall not be used or disclosed for any purpose other than in this action and/or any appeals therefrom, subject to the provisions of this Protective Order.  Use or disclosure of Confidential Information and Confidential Attorney Eyes Only Information in any

– 9 –

other litigation or for any other purposes is expressly prohibited.

14. Confidential Information and Confidential Attorney Eyes Only Information shall be stored and maintained by any party receiving such information in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

15. Any summary, compilation, notes, copy, electronic image or database containing Confidential Information or Confidential Attorney Eyes Only Information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

16. Within sixty (60) days of receipt of a document marked "Confidential" or "Confidential Attorney Eyes Only," a party may object to the designation by notifying the Designating Party in writing of that objection. That writing also must specify the bates range corresponding to the beginning and end of each document subject to objection as well as the bates number of the particular page or pages of such documents that actually contain the designated material to which the objection is made. The parties shall, within ten (10) days of service of the written objection, confer concerning the objection as required by Local Rule 37-1. If the objection is not resolved, the objecting party shall, within twenty-one (21) days of the conference, file with the Court and serve a motion to resolve the dispute over the designation of the material in Conformance with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement. The Designating Party shall have the burden of justifying the disputed designation to the Court. If a motion is filed, information subject to dispute shall, until further order of the Court, be treated consistently with its designation. With respect to any material which is redesignated or ceases to be subject to the protection of this Protective Order, the Designating Party shall, at its expense, provide to each party who so requests additional copies thereof from which all confidentiality

legends affixed hereunder have been adjusted to reflect the redesignation or removed as appropriate.

17. The failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within sixty (60) days of the discovery of such failure. At such time, arrangements shall be made for the return to the Designating Party of all copies of the misdesignated documents and for the substitution, where appropriate, of properly labeled copies.

18. Nothing in this Protective Order shall be deemed to restrict in any manner the use by any Designating Party of any information in its own documents and materials.

19. If counsel for any party receives notice of any subpoena or court order commanding production of Confidential Information or Confidential Attorney Eyes Only Information that a party has obtained under the terms of this Protective Order, counsel for such party shall, if there are fewer than ten (10) days to comply, within four (4) days, or if more than ten (10) days, within seven (7) days prior to the due date of compliance, notify the Designating Party in writing, and shall not produce the Confidential Information and/or Confidential Attorney Eyes Only Information, until the Designating Party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance. To give the Designating Party an opportunity to obtain such relief, the party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or court order.

20. This Protective Order shall not prevent any of the parties from moving this Court for an order that Confidential Information or Confidential Attorney Eyes Only Information may be disclosed other than in accordance with this Protective

– 11 –

Order. This Protective Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended, or rescinded by the Court.

21. This Protective Order is not intended to govern the use of Confidential Information or Confidential Attorney Eyes Only Information at any hearing or trial in this action. Questions of the protection of Confidential Information or Confidential Attorney Eyes Only Information during a hearing or trial will be presented to the Court and the Designating Party prior to or during the hearing or trial as each party deems appropriate.

22. This Protective Order does not affect any party's rights to object to discovery on any grounds. Nothing in this Protective Order shall be deemed to be a waiver of any party's right to oppose production or admissibility of any information or documents on any ground, including without limitation, lack of timeliness of the request, lack of relevance, lack of materiality, as a privileged communication, as work product of counsel, or as not calculated to lead to the discovery of admissible evidence. Further, the production subject to this Protective Order of Confidential Information or Confidential Attorney Eyes Only Information shall not be deemed a waiver of any objection to the admissibility of such documents or their contents that may exist under any applicable Rules of Evidence. It is the intent of the Parties and the Court hereto that any such objections may be asserted prior to and at any hearing or trial.

23. Nothing in this Protective Order shall require any party to produce Confidential Information or Confidential Attorney Eyes Only Information and nothing in this Protective Order shall result in the waiver by any party of any objection based on the grounds that the information is confidential and not subject to disclosure.

24. This Protective Order shall not preclude any party from seeking and obtaining from the Court additional protection with respect to the issues addressed in

the Protective Order. The parties agree that this Protective Order is without prejudice to any position either party may take in any other case.

25. The production of any document or information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege shall not constitute a waiver of any such privilege or doctrine. Upon receipt of notice of such production from the Producing Party or upon the receiving party seeing that such production has been made, the receiving party shall, within fourteen (14) days, return all copies of such document(s) (the "Identified Materials") to the Producing Party other than copies containing attorney's notes or other attorney work product that may have been placed thereon by counsel for the receiving party and shall destroy all copies of such documents that contain such notes or other attorney work product. The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The receiving party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by the Court as not privileged or protected. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made. The party returning the Identified Materials may move the Court for an order compelling production of some or all of the materials returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production. This Protective Order does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine, or any other potentially applicable privilege or protection. This Protective Order also is not intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated herein.

26. This Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Protective Order, notwithstanding the termination of this action.

27. Within ninety (90) days after the conclusion of this action, including the exhaustion of all appeals, counsel for all parties shall use their best efforts to locate all Confidential Information and Confidential Attorney Eyes Only Information produced in this litigation (other than exhibits at the official court of record) and return it to the Designating Party or shall destroy such information. The parties acknowledge that the electronic nature of the documents produced in this action makes full and absolute compliance with this provision difficult. The parties further acknowledge that their duty to return or destroy all Confidential Information and Confidential Attorney Eyes Only Information is a continuing duty and the parties agree to destroy or return any such information found in the future. Deposition transcripts and court transcripts that contain or reference Confidential Information and Confidential Attorney Eyes Only Information need not be destroyed, although any deposition exhibits must be destroyed or returned in accordance with this Order. Counsel for any party or third party receiving Confidential Information or Confidential Attorney Eyes Only Information shall make written certification of having used their best efforts to comply with this provision and shall deliver the same to counsel for each Designating Party within one hundred and twenty (120) days after the conclusion of this action, including the exhaustion of all appeals.

28. Any Party may seek a modification of this Order at any time by filing an appropriate motion with the Court.

29. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes

to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

30.	The Court may modify the terms and conditions of the Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

# EXHIBIT A

I, _____, being duly sworn on oath, state the following:

1. I have read and understand the Protective Order to which this Confidentiality Acknowledgment is attached and I attest to my understanding that access to information designated "Confidential" or "Confidential Attorney Eyes Only" may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Protective Order.

2. I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential Information or Confidential Attorney Eyes Only Information. I also shall use my best efforts to return all Confidential Information and Confidential Attorney Eyes Only Information to the party who provided it to me within sixty (60) days after the conclusion of this action, including the exhaustion of all appeals. If I fail to abide by the terms of this Confidentiality Acknowledgment or the Protective Order, I understand that I may be subject to sanctions under the contempt power of this Court, which includes the power to impose compensatory damages to remedy contemptuous conduct.

3. If I am an "Outside Vendor," as defined by the foregoing Protective Order, I agree to use all reasonable measures to ensure that my employees and/or direct reports comply with the terms of this Confidentiality Acknowledgment and the Protective Order. I understand that if I fail to take reasonable measures to ensure that my employees and/or direct reports comply with the terms of this Confidentiality Acknowledgment and Protective Order, I may be subject to sanctions under the contempt power of this Court, which includes the power to impose compensatory damages to remedy contemptuous conduct.

Dated: _____

_____
Signature

_____
Printed Name

_____
Address

_____
Individual or Entity Represented

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

The Court, having considered the Stipulation Regarding Confidentiality of Discovery Documents and Related Information, hereby orders that this Protective Order Regarding Confidentiality of Documents and Related Information become the order of this Court.

DATED February 06, 2014

_____
Hon. Jean P. Rosenbluth
U.S. Magistrate Judge